**STATE of Missouri, Plaintiff–Respondent**

v.

**Randel O. McCARTER, Defendant–Appellant.**

**Randel O. McCARTER, Plaintiff–Respondent**

v.

**STATE of Missouri, Defendant–Appellant.**

Nos. 18593, 19087.

Missouri Court of Appeals, Southern District, Division 1.

Aug. 10, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1994.

Tamara L. Detloff, St. Louis, for McCarter.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for State of Mo.

PARRISH, Chief Judge.

Randel McCarter (defendant) was convicted, after a jury trial, of sexual abuse in the

---

first degree, a class D felony. § 566.100.[1] He was sentenced to imprisonment for a term of 5 years. Following his conviction, defendant filed a motion for post-conviction relief pursuant to Rule 29.15. The motion court granted defendant's Rule 29.15 motion and ordered a new trial.

Defendant appeals the judgment of conviction in his criminal case, No. 18593. The state appeals the order granting defendant's Rule 29.15 motion and order for a new trial, No. 19087. The appeals were consolidated as required by Rule 29.15(*l*). This court dismisses No. 18593 and affirms No. 19087.

The appeal of the order granting defendant's Rule 29.15 motion is dispositive of both appeals. Only those facts relative to the trial court's action in No. 19087 need be recited.

The person who defendant was accused of having subjected to sexual contact was a ten-year-old boy with whom defendant babysat. One of the witnesses who testified at the criminal trial was a social worker, Deborah McCoy. Ms. McCoy was an employee of the Missouri Division of Family Services. She investigated the allegations of sexual abuse that led to the filing of criminal charges against defendant. At the conclusion of her investigation, Ms. McCoy prepared a three-page report that she sent to the prosecuting attorney. Defendant's trial attorney[2] obtained a copy of the report prior to trial.

During the state's evidence at defendant's criminal trial, defendant's trial attorney cross-examined Ms. McCoy about differences in her trial testimony and her report. In response to the attorney's questions, she acknowledged that some of the circumstances she described in her direct testimony were not included in her report. She also acknowledged that her report included the

statement that a physician who examined the victim found nothing abnormal.

Defendant's attorney called no witnesses at the criminal trial. The only evidence he offered was a copy of Ms. McCoy's report, Defendant's Exhibit A. In addition to the information in Defendant's Exhibit A that was used in cross-examining Ms. McCoy, the report stated that in 1985 defendant was accused of having sexually abused three of his grandchildren. It stated:

> On August 15, 1985 there was a reason to suspect report of sexual abuse made against Randel McCarter. It was found that his grandsons, Timothy Sartin, age eight, and Scottie Gribble, told of Mr. McCarter having anal intercourse with them. Their sister, Rhonda Hendrix, age six, also told of Randel fondling her. There were no criminal charges filed with these incidents.

Defendant's Exhibit A was admitted in evidence.

In closing argument the prosecuting attorney read the above-quoted paragraph of the report to the jury. Defendant's trial attorney objected at that time although the exhibit from which the prosecutor read was offered in evidence by the defense attorney. The trial court overruled the objection.

After the jury retired to deliberate, it requested "all exhibits of evidence except the video tape."[3] Defendant's trial attorney objected to Defendant's Exhibit A being provided to the jury contending, "[I]t may be in [sic] inflammatory to the jury." The objection was overruled.

The motion court's findings of fact and conclusions of law include:

> The Court finds that the trial attorney's performance with respect to Defendant's Exhibit A was deficient and outside the

---

1. References to statutes are to RSMo Supp.1991. Defendant was also charged with another count of sexual abuse in the first degree and with sodomy, § 566.060.3. He was found not guilty of those charges.

2. The attorney who represents defendant in these appeals is not the attorney who represented him at the trial of his criminal case.

3. The transcript itemizes the following exhibits, in addition to Defendant's Exhibit A, as having been admitted in evidence:

| Exhibit No. | Description |
| --- | --- |
| 1 | Birth Certificate of [the victim] |
| 2 | Anatomical Drawings |
| 3 | Video Taped Interview |
| 4 | Report of Medical Exam |

range of professionally competent assistance; and that he failed to exercise the customary skill and diligence that a reasonably competent attorney would have performed under similar circumstances. The Court further finds that [defendant] was prejudiced thereby in that there is a reasonable probability that but for the aforesaid errors of his attorney he would have been acquitted on the remaining count.

The state, as appellant in No. 19087, presents one point. It contends the motion court erred in granting defendant's Rule 29.15 motion on the basis of ineffective assistance of trial counsel "because trial counsel's testimony at the evidentiary hearing proved that his decision [to offer Defendant's Exhibit A in evidence] was a reasonable trial strategy."

Appellate review of a Rule 29.15 proceeding is undertaken in accordance with Rule 29.15(j).

> Review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Findings and conclusions are deemed clearly erroneous only if a review of the entire record leaves the appellate court with the definite and firm impression that a mistake has been made. *Sidebottom v. State,* 781 S.W.2d 791, 795 (Mo. banc 1989).

*State v. Stepter,* 794 S.W.2d 649, 656 (Mo. banc 1990).

The motion court granted defendant's Rule 29.15 motion on the basis of ineffective assistance of trial counsel. The Sixth Amendment right to counsel in a criminal case, *see Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), includes the right to effective assistance of counsel. *Thomas v. State,* 516 S.W.2d 761, 764 (Mo.App.1974). Appellate review of claims of ineffectiveness of counsel is explained in *Griffin v. State,* 794 S.W.2d 659 (Mo. banc 1990):

> In reviewing the determinations of the motion court with respect to movant's claims

of ineffectiveness of counsel, this Court focuses on (1) counsel's performance, and (2) if that performance is deficient, whether prejudice resulted from the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1983); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). "Counsel's performance is assessed by determining if counsel acted 'reasonably within prevailing professional norms under all circumstances.' *See Sanders* at 858." *Driscoll v. State,* 767 S.W.2d 5, 7 (Mo. banc 1989). "*Reasonably* effective assistance may be defined as 'the skill and diligence that a *reasonably* competent attorney would exercise under similar circumstances.' " *State v. Sanders, supra,* at 858, *quoting Thomas v. Lockhart,* 738 F.2d 304, 307 (8th Cir.1984) (emphasis in *Sanders* ).

*Id.* at 663.

In finding that the introduction into evidence of Defendant's Exhibit A, the report prepared by social worker Deborah McCoy,[4] amounted to ineffective assistance by defendant's trial counsel, the motion court explained:

> A paragraph of the letter [the report was in the format of a letter to the prosecuting attorney] states that in 1985 three of [defendant's] grandchildren, one being six years old and another being eight years old, had told of his sexual misconduct with them, but that no criminal charges were filed. The children were named in the letter. This paragraph was read to the jury in the final argument. There is no indication that the State had any intention to call them as witnesses; and the letter would not have been received in evidence if it had been offered by the State.

■ The state argues that the order granting a new trial should be reversed "because [defendant's] trial counsel's decision to introduce Defendant's Exhibit A ... was reasonable trial strategy." It bases that argument on the testimony defendant's trial at-

---

4. The motion court's findings of fact and conclusions of law identified the author of the report as "Debra McCoin," followed by a parenthetical explanation, "spelled Deborah McCoy in the transcript." This court has used the spelling found in the record on appeal, viz., "Deborah McCoy," throughout this opinion.

torney gave at the evidentiary hearing on defendant's Rule 29.15 motion—he was the only witness who testified. The attorney was asked the following question and gave the following answer:

Q. Sir, do you recall, at the trial, why you had used this document and entered it into evidence?

A. Yes. I entered this document into evidence to point out to the jury that previously, some seven years earlier, that a charge had been investigated involving Mr. McCarter on some sexual abuse claims and that, for all practical purposes, there was nothing forthcoming as far as criminal charges against Mr. McCarter and that it was probably, in fact, a false report.

Citing *State v. Neal*, 849 S.W.2d 250 (Mo. App.1993), and *State v. Borders*, 844 S.W.2d 49 (Mo.App.1992), the state undertakes to foreclose any action by an attorney from constituting ineffective assistance if it is part of the attorney's trial strategy. Arguably, language from *Neal* and *Borders* that is paraphrased in the state's brief is susceptible to that interpretation.

*Borders* proclaims, "Allegations of ineffective assistance of counsel relating to matters of trial strategy do not provide a basis for postconviction relief...." 844 S.W.2d at 54. However, the remainder of the sentence explains, "[F]or counsel is allowed wide latitude in conducting the defense and is entitled to use his or her best judgment in matters of trial strategy." *Id.*

*Neal* states, "Moreover, allegations of ineffective assistance of counsel relating to matters of trial strategy do not provide a basis for post-conviction relief." 849 S.W.2d at 258. Consistent with the language in *Borders*, the sentence that follows explains, "Counsel is allowed wide latitude in conducting a defense and may use his best judgment in matters of trial strategy." *Id.*

■ The wide latitude trial counsel has in matters of trial strategy does not amount to unconstrained discretion. The constraints imposed on trial counsel regarding trial strategy is that his or her actions must be *reasonable* under prevailing professional norms. *Strickland*, 466 U.S. at 687, 104

S.Ct. at 2064, 80 L.Ed.2d at 674; *Griffin v. State, supra; State v. Perkins*, 831 S.W.2d 637, 641 (Mo.App.1992); *State v. Johnson*, 829 S.W.2d 630, 633 (Mo.App.1992).

This concept is explained in *Porter v. State*, 682 S.W.2d 16 (Mo.App.1984), as requiring trial counsel to exercise "sound trial strategy." *Id.* at 19. The court said:

[W]here a claim of ineffective counsel is raised in a post-conviction proceeding and the attorney conduct involves the exercise of a choice in the presentation of the defense or the procedures selected in trial, the claim must fail if, within a wide range of reasonable professional assistance, the choice may be considered sound trial strategy.

*Id.* See also *State v. Davis*, 849 S.W.2d 34, 45 (Mo.App.1993).

*State v. Johnson, supra*, and *Lytle v. State*, 762 S.W.2d 830 (Mo.App.1988), acknowledge that trial counsel's exercise of trial strategy, although presumed effective, is not beyond challenge for ineffectiveness. Those cases suggest that tactical trial decisions are susceptible of being so unsound that they amount to ineffective assistance by trial counsel, albeit that such instances will be rare. *Johnson*, 829 S.W.2d at 633; *Lytle*, 762 S.W.2d at 834.

Here, the motion court found that Defendant's Exhibit A would not have been admitted in evidence if offered by the state. Assuming a timely objection from defendant in the face of such an offer, the motion court's assessment is vividly accurate.

The prejudice of permitting evidence of prior uncharged criminal acts of sexual abuse committed against persons other than a present victim in a sexual abuse trial is addressed in *State v. Bernard*, 849 S.W.2d 10 (Mo. banc 1993). The court observed that evidence in a criminal case charging sexual abuse of a child "of any recent misconduct by the defendant with a child of the same sex as the victim may encourage the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged." *Id.* at 16.

*Bernard* held that only when prior conduct falls within a narrowly defined "identity exception" may prior criminal acts be admitted in evidence. *Id.* at 17. Even then, a further limitation applies. "Evidence of prior crimes is legally relevant, thus admissible, however, only if the probative value of the evidence outweighs its prejudicial effect." *Id.* Defendant's prior conduct, as suggested in Defendant's Exhibit A, does not fall within the "identity exception" noted in *Bernard.*

For the reasons explained in *Bernard,* the admission in evidence of Defendant's Exhibit A at his criminal trial was prejudicial. The trial court's conclusion that the attorney's conduct in admitting the exhibit was deficient in that it did not fall within an acceptable range of professionally competent assistance and constituted a failure to exercise that degree of skill and diligence that a reasonably competent attorney would have performed under similar circumstances is not clearly erroneous. Having reviewed the entire record on appeal, this court is not possessed of the belief that a mistake was made.

In No. 19087, the order granting defendant's Rule 29.15 motion and ordering a new trial is affirmed. Having affirmed the motion court's order granting a new trial, defendant's direct appeal is moot. No. 18593 is dismissed.

SHRUM and MONTGOMERY, JJ., concur.

