

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| DAVID A. MCARTHUR, | ) | No. ED99186 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Nathan Baird Stewart |
| | ) | |
| Respondent. | ) | Filed: April 29, 2014 |

### *Introduction*

David McArthur (Movant) appeals the judgment of the Circuit Court of Jefferson County denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant claims that: (1) the motion court erred in denying his claim that his trial counsel was ineffective in failing to move to disqualify the Jefferson County Prosecuting Attorney's Office (JCPAO); and (2) the trial court's written judgment and sentence erroneously provides for concurrent sentences of ninety-nine years' imprisonment for his statutory sodomy convictions. We affirm and remand for correction of judgment *nunc pro tunc*.

### *Factual and Procedural Background*

Viewed in the light most favorable to the verdict, the evidence at trial revealed the following: Movant lived with his wife and her two children, Victim One and Victim Two. When Victim One was approximately nine years of age, Movant would rub lotion on Victim One's bottom and insert his penis into Victim One's anus. When Victim Two was between four

and twelve years of age, Movant often woke her at night and inserted his finger in her vagina or made her suck or rub his penis. Twice, he tried to insert his penis in her vagina and once, he stuck a pen in her vagina. Eventually, Victims One and Two told their mother about Movant's behavior, and she called the police.

The State charged Movant with one count of attempted statutory rape in the first degree and five counts of statutory sodomy in the first degree. The trial court held a three-day jury trial.[1] During the first stage, Catherine Crowley, the assistant prosecuting attorney who tried the case against Movant, presented the testimony of several witnesses including Victim One, Victim Two, and the victims' mother. Movant testified in his own defense, acknowledging that he had previously pleaded guilty to endangering the welfare of a child based on conduct occurring in 2004. He denied the allegations against him in this case, stating that he never touched either victim inappropriately. On cross-examination, Movant again admitted that he had pleaded guilty to endangering the welfare of a child. At the conclusion of the first stage of trial, the jury found Movant guilty of attempted statutory rape in the first degree and four counts of statutory sodomy in the first degree.[2]

During the punishment stage, Ms. Crowley presented the testimony of Victim One, Victim Two, the victims' mother, and Movant's biological daughter. During her opening statement, Ms. Crowley told the jury that Movant had previously "pled guilty to endangering the welfare of a child in the first degree. He had originally been charged with statutory sodomy in the first degree. There was a plea bargain…. The victim in that case was his natural daughter…." Movant's daughter testified that when she was about thirteen years of age, Movant

---

[1] Pursuant to Section 557.036, the trial proceeded in two stages. In the first stage, the jury determined whether Movant was guilty of the charged offenses, and in the second stage, the jury assessed and determined punishment. MO. REV. STAT. § 557.036.

[2] The jury acquitted Movant on one count of statutory sodomy in the first degree.

touched her vagina and asked if he could "put his mouth on [her] vagina." During closing argument, Ms. Crowley asked the jury to sentence Movant to life imprisonment because Movant already "had a second chance." Following the presentation of evidence, the jury assessed and declared punishment as life imprisonment for each conviction.

On April 28, 2010, the trial court orally pronounced its order, judgment, and sentence, imposing five concurrent terms of life imprisonment. The trial court stated that it could not "in any way disagree with the jury's verdict" and believed it was "appropriate to follow the sentence which was recommended by the jury." On the same day, the trial court signed a written judgment that reflected concurrent sentences of ninety-nine years' imprisonment for each conviction. This court affirmed Movant's conviction and sentence. State v. McArthur, 343 S.W.3d 726 (Mo.App.E.D. 2011).

Movant filed a Rule 29.15 motion for post-conviction relief, which counsel later amended. In his motion, Movant alleged, among other things, that trial counsel was ineffective in failing to move to disqualify the JCPAO based on a conflict of interest. Specifically, Movant asserted that Forrest Wegge, the Jefferson County Prosecuting Attorney, represented Movant on a prior statutory sodomy charge which resulted in an Alford[3] plea to endangering the welfare of a child in the first degree. He contended that a "reasonably competent attorney… would have [moved to disqualify the JCPAO] because there was too great a risk that Mr. Wegge had gained information through his former representation… that his office could or would use to [Movant's] disadvantage."[4]

---

[3] North Carolina v. Alford, 400 U.S. 25 (1970).
[4] In his amended motion, Movant also alleged that: (1) the trial court's imposition of a life sentence for attempted statutory rape exceeded the maximum term of imprisonment authorized by the statute in effect at the time of the offense; and (2) trial counsel was ineffective in failing to submit the lesser-included instruction for child molestation in the first degree on two of the

3

The motion court held a hearing and heard the testimony of Ms. Crowley, Mr. Wegge, and Movant. Trial counsel provided the following testimony regarding his decision not to move to disqualify the JCPAO: Movant informed trial counsel that Mr. Wegge had represented him on a prior case. Trial counsel was "not concerned" because although Mr. Wegge was an associate at the firm representing Movant on the prior case, another associate was primarily representing Movant and Mr. Wegge left the firm before the preliminary hearing. Considering the nature of the contact between Mr. Wegge and Movant, trial counsel did not think that Mr. Wegge obtained information that could be used against Movant in this case. Nor did he think that the facts of this case met the standard for disqualification "[b]ased on when the representation occurred, and the fact that this was, frankly two separate cases, and none of the facts really crossed each other[.]" Additionally, "most strategically, [trial counsel was] most comfortable with handling cases against [the JCPAO]." He had tried a couple of cases against special prosecutors and found that they were "much more difficult to deal with." Finally, trial counsel wanted Movant to testify at trial but was concerned that Movant would be impeached with his prior conviction. Ms. Crowley agreed not to cross-examine Movant regarding his prior. Because of this agreement and the value of Movant's testimony, trial counsel thought it was "best" not to move to disqualify the JCPAO.

Ms. Crowley testified to her knowledge of Mr. Wegge's prior representation of Movant and Mr. Wegge's involvement in this case against Movant. She was aware that Mr. Wegge had represented Movant in a previous case but did not know the details of the case. In 2007, Ms.

statutory sodomy charges. The State conceded that: (1) Movant was erroneously sentenced to life imprisonment for attempted statutory rape; and (2) there was instructional error on one count of statutory sodomy. The motion court vacated Movant's: (1) sentence for attempted statutory rape and remanded for re-sentencing; and (2) conviction and sentence on one statutory sodomy count and granted a new trial.

Crowley was assigned Movant's probation revocation for the case on which Mr. Wegge's prior law firm originally represented Movant. She discovered that Movant's daughter was the victim in that case when she researched the victim's identity. Mr. Wegge was not involved in her decision to call Movant's daughter as a witness during the punishment stage of his trial, and Ms. Crowley and Mr. Wegge discussed neither the facts nor the strategy of the case before or during trial.

Mr. Wegge testified about his involvement in both his prior law firm's representation of Movant and this case. Mr. Wegge recalled conducting the initial interview with Movant but could not recall the content of their conversation. He identified four documents[5] associated with Movant's prior case that he had signed. Mr. Wegge explained that these types of documents were "routinely prepared" and filed by the firm, and he had no specific recollection of filing those documents. Mr. Wegge left the firm in February 2005 and became Jefferson County Prosecuting Attorney in 2007. Mr. Wegge stated that he did not discuss with Ms. Crowley either the strategy or witness selection in this case.

The motion court denied Movant's claim, finding that: (1) the facts of the case were insufficient to warrant disqualification of the JCPAO under Section 56.110; and (2) trial counsel provided "valid, strategic reasons" for declining to seek disqualification of the JCPAO. Specifically, the motion court determined that trial counsel "testified that there were advantages to keeping the case with the Prosecutor's Office and that there are significant disadvantages to requesting a special prosecutor." Movant appeals.

---

[5] Mr. Wegge filed a motion for property bond, waiver of arraignment, entry of appearance, and request for disclosure.

### *Standard of Review*

Our review of a denial of a motion for post-conviction relief is limited to determining whether the trial court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are erroneous if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009). In making this determination, we presume that the motion court's findings are correct. Id.

### *Discussion*

#### A. Ineffective assistance of counsel

In his first point on appeal, Movant asserts that the motion court erred in denying his Rule 29.15 claim because trial counsel was ineffective in failing to move to disqualify the JCPAO. Specifically, Movant alleges that trial counsel's decision not to move to disqualify was "unjustifiable as reasonable trial strategy" and that trial counsel's decision prejudiced him because if trial counsel had moved to disqualify the JCPAO, there is a reasonable probability that Movant would have been acquitted on at least one of the charges and received a more lenient punishment. The State counters that the motion court did not err in denying Movant's claim because: (1) the trial court was unlikely to grant a motion to disqualify; (2) trial counsel had strategic reasons for his decision not to move to disqualify; and (3) Movant was not prejudiced.

A movant bears a heavy burden when attempting to show that counsel was ineffective. State v. Powell, 798 S.W.2d 709, 717 (Mo. banc 1990). To prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A movant must satisfy both the

performance prong and prejudice prong of the ineffective assistance of counsel test, and if a movant fails to satisfy one prong, we need not consider the other. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987).

### 1. Existence of grounds for disqualification

As an initial matter, we note that although Movant contends there were grounds for disqualification, he fails to state in his point or argue that the trial court would have granted his motion to disqualify. "[T]rial counsel's failure to make a motion that appeared likely to fail does not constitute unconstitutionally deficient assistance of counsel." Adkins v. State, 169 S.W.3d 916, 920 (Mo.App.W.D. 2005). In any event, the record supports the motion court's determination that "the facts of this case [were] insufficient to warrant the disqualification of the [JCPAO] under §56.110[.]"

Movant asserts that trial counsel's decision not to seek disqualification of the JCPAO was not reasonable because "there were grounds for disqualification." Movant contends that Section 56.110 mandated that the trial court grant a motion to disqualify the entire JCPAO.[6] Section 56.110 provides that "[i]f the prosecuting attorney and assistant prosecuting attorney be interested or shall have been employed as counsel in any case where such employment is inconsistent with the duties of his office, … the court having criminal jurisdiction may appoint some other attorney to prosecute or defend the cause."

The evidentiary hearing established the following regarding Mr. Wegge's involvement in Movant's prior and current cases: Mr. Wegge was an associate at the law firm representing Movant on his prior case but was not the lead attorney on his case and left the law firm before

---

[6] Movant also contends that Rule 4-1.9 required disqualification of the JCPAO. However, Movant relies on Section 56.110 only in his amended Rule 29.15 motion and thus waived his claim that Rule 4-1.9 also required disqualification. Rule 29.15(d).

the preliminary hearing.  Mr. Wegge could recall neither the charges of Movant's prior case nor the content of his conversation with Movant.  More than a year separated Movant's plea in his prior case and the commencement of this case.  The two cases involved separate conduct and different victims.  Both Mr. Wegge and Ms. Crowley testified that they never discussed with each other trial strategy or witness selection in this case.  Ms. Crowley explained that she did not learn Movant's daughter's identity through Mr. Wegge but rather through her work on Movant's probation revocation on his prior conviction.  Moreover, Movant does not dispute the State's assertion that the prior conviction and the victim's identity in the prior case were matters of public record.

The decision to grant a motion to disqualify is within the trial court's discretion.  State v. Wilson, 195 S.W.3d 23, 25 (Mo.App.S.D. 2006).  Our review of the record convinces us that given the minimal contact that Mr. Wegge had with both Movant's prior and current cases and the lack of evidence that any confidential information was, or could be, used against Movant, a motion to disqualify was likely to fail.[7]

2. Reasonable trial strategy

"Defense counsel has wide discretion in determining what strategy to use in defending his or her client."  Worthington v. State, 166 S.W.3d 566, 578 (Mo. banc 2005).  A movant must overcome a strong presumption that counsel's conduct was reasonable and effective trial

---

[7] To support his assertion that there were grounds for disqualification of the JCPAO such that trial counsel was ineffective, Movant relies on State v. Burns, 322 S.W.2d 736 (Mo. 1959), State v. Boyd, 560 S.W.2d 296 (Mo.App.K.C.D. 1977), State v. Ross, 829 S.W.2d 948 (Mo. banc 1992), and State ex rel. Burns v. Richards, 248 S.W.3d 603, 605 (Mo. banc 2008).  These cases are procedurally and factually distinguishable.  As the court stated in Adkins v. State, "this appeal is not on a motion to disqualify the prosecutor; this is an appeal from a Rule 29.15 motion for post-conviction relief for trial counsel's failure to move to disqualify the prosecutor.  The difference in procedural posture dictates a different test."  169 S.W.3d 916, 921 (Mo.App.W.D. 2005).

strategy. Zink, 278 S.W.3d at 175. To overcome the presumption, a movant must show that "counsel's representation fell below an objective standard of reasonableness." Worthington, 166 S.W.3d at 573.

"Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006). "[S]trategic choices made after a thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable[.]" Id. (citing Strickland, 466 U.S. at 690). "Where counsel has investigated possible strategies, courts should rarely second-guess counsel's actual choices." Middleton v. State, 103 S.W.3d 726, 736 (Mo. banc 2003). The decision whether to file a motion is a matter of trial strategy. Smith v. State, 972 S.W.2d 551, 556 (Mo.App.S.D. 1998). Trial counsel will not be deemed ineffective for failing to file a meritless motion. Id.

The record supports the motion court's determination that trial counsel had valid, strategic reasons for his decision not to move to disqualify the JCPAO. At the evidentiary hearing, Movant testified that he was more comfortable defending cases against the JCPAO than a special prosecutor. Trial counsel explained that based on his nine years of experience working with the JCPAO, he believed special prosecutors were "much more difficult to deal with" and communicating with the JCPAO would be easier. Trial counsel also testified that he had an agreement with Ms. Crowley under which Ms. Crowley would not cross-examine Movant regarding his prior conviction. Trial counsel explained that he had wanted Movant to testify at trial but wished to keep out the details of his prior conviction. Because Ms. Crowley agreed not to cross-examine Movant regarding his prior conviction and "knowing that somebody else could possibly not make that same representation[,]" trial counsel thought it would be "best" not to

9

move to disqualify the JCPAO. Trial counsel's testimony supported the trial court's finding that trial counsel made a reasoned decision not to move to disqualify the JCPAO following an investigation of possible strategies and an evaluation of the advantages of working with the JCPAO.

### 3. Prejudice

"Ineffective claims alleging a deficiency in attorney performance are subject to a general requirement that [a movant] affirmatively prove prejudice." Adkins, 169 S.W.3d at 920 (quoting Strickland, 466 U.S. at 693). A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Even assuming, *arguendo*, that trial counsel's decision not to move to disqualify was not reasonable trial strategy, Movant fails to demonstrate prejudice.

Movant asserts that if the JCPAO had been disqualified there is a reasonable probability that Movant would have been acquitted on at least one of the charges and received a more lenient punishment. However, Movant fails to allege any facts to support his conclusory assertion. Speculation that prosecution by a different prosecutor might have resulted in an acquittal or more lenient sentence does not satisfy the requirement that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Baumruk v. State, 364 S.W.3d 518, 534 (Mo. banc 2012). Point denied.

### B. Conforming written judgment to oral pronouncement

In his second point, Movant alleges that the trial court's written judgment and sentence providing concurrent sentences of ninety-nine years' imprisonment does not conform to the trial court's oral pronouncement of concurrent sentences of life imprisonment. Movant requests that this court either amend his written sentence to reflect the trial court's oral pronouncement or

remand to the trial court for correction of the judgment *nunc pro tunc*. The State concedes that a material discrepancy between an oral pronouncement of sentence and a written judgment is a clerical mistake that can be corrected by a *nunc pro tunc* order. The State contends, however, that because Movant did not raise this claim in his Rule 29.15 motion, he is precluded from seeking relief under plain error review.[8]

Contrary to the State's contention, Movant does not seek plain error review but rather seeks correction of a clerical error under Rule 29.12(c). Rule 29.12(c) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders."

If there is a material difference between the trial court's oral pronouncement of sentence and the written judgment, the oral pronouncement of sentence controls. State ex. rel. Zinna v. Steele, 301 S.W.3d 510, 514 (Mo. banc 2010). "The failure to memorialize accurately the decision of the trial court as it was announced in open court [is] clearly a clerical [mistake]." State v. Taylor, 123 S.W.3d 924, 931 (Mo.App.S.D. 2004).

In this case, the jury recommended life imprisonment for each statutory sodomy conviction. At Movant's sentencing hearing, the trial court stated that it would follow the jury's sentencing recommendation. The trial court orally pronounced concurrent sentences of life imprisonment for each statutory sodomy conviction. However, the trial court's written judgment reflected concurrent sentences of ninety-nine years' imprisonment for those convictions.

---

[8] To support its contention, the State cites McLaughlin v. State, 378 S.W.3d 328, 340 (Mo. banc 2012). McLaughlin is inapplicable. The court in McLaughlin declined review of movant's claim because "there is no plain error review in appeals from post-conviction judgments for claims that were not presented in the post-conviction motion." Id. at 340. Here, Movant seeks correction of a clerical mistake. Thus, Movant seeks relief under Rule 29.12(c) ("Clerical Mistakes") and not Rule 29.12(b) ("Plain Error").

Because the trial court's written judgment does not memorialize accurately the trial court's oral pronouncement of sentence, the judgment contains a clerical mistake. This type of clerical mistake may be corrected by a *nunc pro tunc* order. <u>See</u> <u>Robinson v. State</u>, 359 S.W.3d 568, 571 (Mo.App.E.D. 2012). Accordingly, we order the motion court to correct Movant's judgment so that it conforms to the trial court's oral pronouncement of sentence for Movant's three statutory sodomy convictions.

### *Conclusion*

The judgment of the motion court is affirmed, and we remand for correction of judgment *nunc pro tunc* to conform to the trial court's oral pronouncement of concurrent sentences of life imprisonment for Movant's three statutory sodomy convictions.

_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.