**STATE of Missouri, Respondent,**

v.

**David A. McARTHUR, Appellant.**

**No. ED 95094.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 5, 2011.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Timothy A. Blackwell, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

David A. McArthur ("McArthur") appeals the judgment upon a jury's verdict convicting him of one count of attempted statutory rape in the first degree and four counts of first-degree statutory sodomy. We affirm.

## I. BACKGROUND

Without going into detail, there was sufficient evidence adduced at trial to permit a jury to find beyond a reasonable doubt that McArthur committed various sexual acts on his underage step-daughter and step-son. The trial was bifurcated, and the jury recommended life sentences on each count.

## II. DISCUSSION

In his sole point on appeal, McArthur claims the trial court erred in allowing the State to introduce improper character evidence during the penalty phase. Specifically, McArthur argues the introduction of testimony from McArthur's biological daughter that he previously sexually assaulted her was improper because it was not relevant to McArthur's history or character.

### A. Standard of Review

Generally, the trial court has discretion during the penalty phase of trial to admit any evidence it believes may be helpful to the jury in assessing punishment. *State v. Fassero*, 256 S.W.3d 109, 118–19 (Mo. banc 2008).

### B. The Trial Court did not Abuse its Discretion in Admitting Testimony During the Penalty Phase

Pursuant to section 557.036.3 RSMo Supp.2003 [1] evidence supporting or mitigating punishment may be introduced during the penalty phase of trial. This evidence may include, "within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and *the history and character of the defendant*." (emphasis added) The State may present evidence of criminal conduct for which a defendant was never convicted; however, the jury may only consider such evidence during the penalty phase if the evidence is proven by a preponderance of the evidence. *Fassero*, 256 S.W.3d at 119.

During the penalty phase of McArthur's trial, the State introduced the testimony of McArthur's biological daughter. She testified that when she was thirteen years old,

McArthur put his hand up her shorts and touched her vagina. She also testified that McArthur would ask if he could put his mouth on her vagina and told her "it would feel good." Although McArthur's daughter testified the case relating to these allegations "was dropped," she also stated she was aware McArthur received probation because of the incident when he touched her.

McArthur relies upon *State v. Fassero*, 256 S.W.3d 109 (Mo. banc 2008), to support his argument that the testimony from his daughter concerning the alleged incident was relevant only to prove he had initially been charged with first-degree statutory sodomy, not that he had actually done the acts described. As a result, McArthur claims her testimony was not evidence of his history and character, as allowed by section 557.036. McArthur's reliance upon *Fassero* is misplaced.

In *Fassero*, during the penalty phase, the State attempted to introduce evidence of a 2003 Illinois indictment against Fassero for child sexual abuse. 256 S.W.3d at 118. The Missouri Supreme Court noted that during the penalty phase of Fassero's trial, the State "could have introduced evidence that Fassero committed the acts of criminal sexual abuse described in the indictment to prove that Fassero had a history of molesting children." *Id.* at 119. The Court held that if the State proved by a preponderance of the evidence that Fassero did commit the acts of sexual abuse contained in the indictment, the jury could have considered these acts in assessing punishment. *Id.* However, the State did not present any additional evidence that Fassero committed the acts of sexual abuse. *Id.* Instead, the State presented only the indictment, and no testimony or other evidence concerning the acts charged by the indictment. *Id.* The Court

---

1. All further statutory references are to RSMo Supp.2003.

found that the indictment itself was relevant only to prove Fassero was charged with a crime and not that Fassero actually engaged in any criminal conduct. *Id.* Therefore, the indictment was not evidence of Fassero's history and character, and was inadmissible. *Id.*

The present case is distinguishable from *Fassero.* Here, the State presented direct testimony from the victim of McArthur's alleged sexual abuse. As the Court in *Fassero* noted, evidence that a defendant committed the acts of criminal sexual abuse with which he was charged is admissible to show the defendant's history of molestation. 256 S.W.3d at 119. McArthur was charged with several counts of statutory sodomy in the first degree for alleged sexual abuse of his step-children, and his biological daughter's testimony that he touched her vagina was evidence of McArthur's history of molesting children, particularly children in his family. Unlike the circumstances in *Fassero*, where the only evidence presented was the indictment, here, the State presented direct testimony from the victim of the alleged abuse. Thus, the trial court did not abuse its discretion in admitting the evidence during the penalty phase pursuant to section 557.036. Point one is denied.

## III. CONCLUSION

The judgment is affirmed.

KENNETH M. ROMINES, J., concurs in part; dissents in part in separate opinion.

KENNETH F. THOMPSON, Sp. J., concurs in majority opinion.

KENNETH M. ROMINES, J.

### CONCURRING IN PART AND DISSENTING IN PART

I concur in affirming the convictions, but because of the actions of the prosecutor I would remand for sentencing.

The argument and comments of the prosecutor are egregious and beyond the pale of fair argument, and if countenanced by *State v. Fassero,* 256 S.W.3d 109 (Mo. banc 2008), should not be.

This case involves the conviction of defendant for acts against his step-children. In the penalty phase of the trial the prosecutor said the following:

Good morning. This has been a hard case for everyone. And it's very hard for a reason that you all don't know how truly hard this has been.

Back in '04, '05, the defendant pled guilty to endangering the welfare of a child in the first degree. He had originally been charged with statutory sodomy in the first degree. There was a plea bargain, which allowed him to plead guilty to a non-sex offense, by another prosecutor. The victim in that case was his natural daughter, Ashley. And she was under fifteen. The family knew years ago what the defendant was capable of doing. But they pretty much threw Ashley to the curb.

I am going to be having—well Sean is not going to be here today. It was hard enough for him before. Stephanie is going to come in and tell you how this affected her life. Because it has. It's taken away some choices in her life, about how she views sexual conduct.

Michelle will come in and tell you about how this has affected her. Because it has. Because in her mind, she failed to protect her children. And maybe some of that it true.

But most importantly, Ashley is going to come in here today, and this is for Ashley. And she will tell you what happened. I am not asking you right now for punishment. And I expect you not

to consider a punishment at this time. Hear the evidence. Keep an open mind. And then make a decision. Thank you. Tran. P. 557–558.

Of course this case is not "for Ashley ..." This case is about the appropriate punishment for the crimes for which the defendant has been found guilty. "Ashley" was defendant's natural daughter and defendant's actions with Ashley resulted in a plea of endangering the welfare of a child. That should be the end of that. But it was not.

The prosecutor called Ashley to the stand, and over the objection of counsel that the vivid—indeed lurid—facts from the previous case were irrelevant and not probative for the jury's consideration but were plainly prejudicial, Ashley testified. I find this an abuse of discretion and outside the bounds of appropriate evidence in the penalty phase.

To my mind this error is only compounded by the argument made in closing by the prosecutor:

> Several years ago justice wasn't done at all. It wasn't. Ashley got kicked to the curb. And this family knew that David is capable of this conduct. And as I stand in front of you, I don't know what to ask for. I am a prosecutor, I do this all of the time. It's very, very easy for me to say life. But I don't want that to sound like it's an easy thing for me to say. Because it really isn't. But this man has taken away the security of at least three children. He is taken away the innocence of three children. And he has taken away the choice of three children.

> Stephanie came in here and told you how hard it is for her to be close to anyone. And how she views sex. You would like your children to have a safe and secure life, and to learn the things in their time and in their own way. And

the defendant took that from her. Just took it from her, without a though other than—actually the only thought he had when he took it was his own sexual gratification. That's all this is about.

Tran. p. 580.

This same theme of personalization and revenge for Ashley continues in the final argument of the prosecutor:

> And I will tell you, ladies and gentlemen, I was affronted by that plea deal when I saw it. He has had his second chance. He doesn't deserve another one. The consequences for Stephanie are lifelong. For Sean. And for Ashley. And quite frankly for Tyler. Because Tyler now knows his dad sexually abused three of his siblings.

Tran. p. 590.

Simply, for me, this is too much. I find it unfair, and would not be countenanced in a trial where guilt and punishment are done simultaneously. I do not believe the "bifurcated penalty phase" was intended to allow the testimony and argument as occurred in this case.

I would reverse for re-sentencing.