

# In the Missouri Court of Appeals
## Eastern District

DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102667 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Lincoln County |
| vs. | ) | |
| | ) | Honorable Chris Kunza Mennemeyer |
| JEREMY R. HOBBS, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed: August 23, 2016 |

## Introduction

Jeremy R. Hobbs (Appellant) appeals from the trial court's judgment entered upon a jury verdict finding him guilty of first-degree child molestation, punishable by a sentence of five to fifteen years. In accordance with the jury's recommendation after a bifurcated penalty phase of trial, the trial court sentenced Appellant to ten years in prison. We affirm the judgment, reverse the sentence, and remand for a new penalty phase.

## Factual and Procedural Background

Victim was five years old at the time of the events at issue in this case and lived with his father and L.H., to whom his father was engaged. Appellant was the cousin of L.H.'s sister, S.H. On May 31, 2013, J.C. told S.H., his aunt, he had seen Appellant and Victim in bed together and Appellant had his pants unzipped. S.H. told her husband, who told Victim's father. Victim's father asked Victim about this, and Victim told his father Appellant touched his penis twice. Victim's father contacted the police. Upon being interviewed, Appellant admitted to Detective

James Patton (Det. Patton) orally and in writing he had touched Victim's penis. Appellant was indicted, tried and convicted of one count of first-degree child molestation. Prior to trial, Appellant filed a motion *in limine* prior to trial to exclude evidence he had been indicted on two additional sexual abuse charges following the indictment in this case. The trial court granted the motion, and during the guilt phase of his trial, no evidence of such was introduced.

However, during the sentencing phase of trial, Det. Patton testified about the current charges pending against Appellant for child molestation and sexual exploitation of a minor. The defense objected to the State presenting evidence of the new charges, which had not yet been adjudicated. The State replied the incidents leading to the new charges occurred prior to the charges in the instant case, and did not have to have been adjudicated to be admissible.

The trial court overruled Appellant's objection, relying upon State v. Thurman, 272 S.W.3d 489 (Mo.App. E.D. 2008). Det. Patton was allowed to testify during the penalty phase that during his continued investigation of Appellant after being apprised of the incidents leading to the instant case, he developed information regarding another incident of child molestation and discovered photographs which could constitute sexual exploitation of a minor. The State asked the jurors to impose the maximum sentence of fifteen years.

Victim's father also testified during the penalty phase as to how the crime had affected his family and asked for the maximum sentence, fifteen years. L.H., Victim's stepmother, testified how Appellant had violated her trust and betrayed her. Appellant's father asked for leniency because this crime was a one-time event.

At the conclusion of the penalty phase, the jury recommended Appellant be sentenced to ten years in prison, which the trial court imposed. This appeal follows.

## Point on Appeal

In his point on appeal, Appellant claims the trial court abused its discretion in allowing the State to introduce evidence of additional charges filed against him in the punishment phase of the trial, because this violated his rights to due process of law and a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the evidence was not legally relevant to the issue of punishment because the State failed to prove the existence of these additional charges by a preponderance of the evidence.

## Standard of Review

As a general rule, the trial court has discretion during the punishment phase of trial to admit whatever evidence it deems helpful to the jury in assessing punishment. State v. Johns, 34 S.W.3d 93, 112 (Mo.banc 2000). When a challenge to the trial court's admission of evidence during the penalty phase is preserved for appeal, we review the trial court's ruling for an abuse of discretion. State v. Voss, 2016 WL 145727 *9 (Mo.App. E.D. 2016). An abuse of discretion occurs if the trial court's ruling as to the admission of evidence is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration. Id. However, even if we find an abuse of discretion, we will not reverse unless we also find that the trial court's error resulted in prejudice to the defendant. Id.

## Discussion

During the penalty phase of a trial, a wide range of evidence supporting or mitigating punishment is admissible, and the trial court has broad discretion to admit any evidence it believes may be helpful to the jury in assessing punishment. State v. Bowman, 337 S.W.3d 679,

3

691 (Mo.banc 2011); Section 557.036.3.[1]  Such evidence may include, "within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and the history and character of the defendant."  Section 557.036.3; State v. Fassero, 256 S.W.3d 109, 119 (Mo.banc 2008).

Although evidence pertaining to criminal conduct of the defendant not resulting in conviction is relevant to the defendant's history and character, such evidence is admissible in a penalty phase only if the State proves, by a preponderance of the evidence, that the defendant engaged in the conduct alleged.  Fassero, 256 S.W.3d at 119.  For example, testimony from a victim of a defendant's prior unadjudicated criminal conduct regarding a defendant's actions at the time of the alleged offense satisfies the preponderance of the evidence standard and is admissible as history and character evidence pursuant to Section 557.036.3.  State v. McArthur, 343 S.W.3d 726, 727-28 (Mo.App. E.D. 2011).  A victim's testimony regarding his or her firsthand knowledge of a defendant's prior unadjudicated criminal conduct at the time of the alleged offense satisfies the preponderance of the evidence standard and is admissible under section 557.036.3.  Id.  Our Court has also held a defendant's admission that he committed prior unadjudicated criminal conduct satisfies the preponderance of the evidence standard and is admissible as history and character evidence pursuant to Section 557.036.3.  State v. Hadley, 357 S.W.3d 267, 273 (Mo.App. E.D. 2012).  However, here we have no witness testimony or admission by Appellant.  Rather, the State merely referred to additional charges against Appellant without any supporting evidence:

"It's conduct that was building.  All right.  I'm not going to belabor the point.  You understand he's been charged with two other charges, two other cases pending, both involving

---

[1] All statutory references are to RSMo 2012, unless otherwise indicated.

young boys.  It's a pattern of behavior.  It's a pattern of conduct.  It's a course of conduct.

They're not accidents.  They're not isolated events."

In Fassero, the court said introducing indictments was not enough to prove that the

defendant committed the underlying acts by a preponderance of the evidence.  Fassero, 256

S.W.3d at 119.  Although the State may present evidence of criminal conduct for which the

defendant was never convicted, the penalty phase jury may only consider such evidence if

proven by a preponderance of the evidence.  Id., citing State v. Clark, 197 S.W.3d 598, 601

(Mo.banc 2006) (citing United States v. Watts, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d

554 (1997)).

> During the penalty phase of Fassero's trial, the state could have introduced
> evidence that Fassero committed the acts of criminal sexual abuse described in the
> indictment to prove that Fassero had a history of molesting children.  Section
> 557.036.3; *State v. Winfield*, 5 S.W.3d 505, 515; *State v. Ferguson*, 20 S.W.3d
> 485, 500 (Mo.banc 2000); *State v. Clark*, 197 S.W.3d 598, 601 (Mo.banc 2006).
> If the state had proven by a preponderance of the evidence that Fassero committed
> the underlying acts of sexual abuse, the jury could have considered these acts in
> assessing Fassero's punishment.  *Id.* …The state did not present evidence that
> Fassero had committed the acts of sexual abuse charged in the Illinois indictment,
> however.  The state presented only the indictment itself.

Fassero, 256 S.W.3d at 119.

The same is true in the instant case.  The State introduced evidence in the penalty

phase that there are two pending unadjudicated indictments against Appellant without

any additional supporting evidence he had in fact committed the crimes charged.  This is

not permissible under Fassero.  While the indictments are relevant to prove Appellant

was indicted on charges of criminal sexual abuse, they are not relevant to prove that he

engaged in the conduct alleged in the indictments.  Fassero, 256 S.W.3d at 119.  The

indictments were relevant only to prove Appellant had been charged with crimes, not that

Appellant had actually engaged in any criminal conduct.  Id.  As such, unlike a

5

defendant's admission he committed the conduct, Hadley, 357 S.W.3d at 273, or a witness's testimony the defendant committed the conduct, McArthur, 343 S.W.3d at 727-28, the plain existence of indictments are not 'history and character' evidence authorized by Section 557.036.3 and are, therefore, inadmissible as history and character evidence under Section 557.036.3, because the indictments by themselves do not amount to a preponderance of the evidence that the defendant engaged in the conduct alleged. Fassero, 256 S.W.3d at 119.

Further, we cannot definitively determine Appellant was not prejudiced by the improper admission of this irrelevant evidence in the punishment phase because the jury recommended a sentence of ten years, which is at the midpoint of a possible five to fifteen year sentence. His father testified asking for leniency in punishment and Victim's relatives testified asking for severity in sentence. It is impossible to tell for certain what impact Det. Patton's testimony about the two indictments and the State's argument that these pending charges show an escalating pattern of behavior of sexual abuse against young boys had on the jury. For these reasons, Appellant's point on appeal is granted.

## Conclusion

The trial court's judgment of conviction is affirmed, the sentence is reversed, and this cause is remanded for a new penalty phase in accordance with this opinion.

_____
SHERRI B. SULLIVAN, P.J.

Roy L. Richter, J., and
Colleen Dolan, J., concur.

6