

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff-Respondent,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. SD36122
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
MICHAEL GILES, JR.,⠀⠀⠀⠀⠀⠀)⠀⠀⠀**Filed: June 9, 2020**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant-Appellant.⠀⠀⠀⠀)

### APPEAL FROM THE CIRCUIT COURT OF DADE COUNTY

Honorable David R. Munton

## **AFFIRMED**

In the first phase of Michael Giles's ("Defendant") criminal trial, the jury found him guilty of one count of third-degree kidnapping and one count of third-degree assault.[1]  After hearing additional evidence in the second phase of that trial, the jury recommended the maximum sentence be imposed on each count, and the trial court sentenced Defendant in accordance with that recommendation.

In two points, Defendant claims the trial court plainly erred in "allowing" certain evidence to be presented during the penalty phase of his trial.  Because Defendant cannot demonstrate the necessary prejudice, we decline plain-error review and affirm.

---

[1] *See* sections 565.130 and 565.054.  The jury found Defendant not guilty of sexual abuse in the second degree. Unless otherwise noted, all statutory citations are to RSMo Supp. 2017.

## Background

Defendant does not challenge the sufficiency of the evidence to support his convictions. We recite here certain evidence adduced during the guilt phase of his trial (as viewed in the light most favorable to the jury's verdicts) simply to provide context for his error-claims. *See State v. Lammers*, 479 S.W.3d 624, 630 (Mo. banc 2016).

In April 2018, Defendant entered the Family Video store in Nevada around 9:45 p.m., just over an hour prior to its closing time of 11:00 p.m. Victim, the store's manager, was working alone that night. After browsing for about an hour, Defendant asked Victim if he could have the key to the restroom. When Victim handed him the key, Defendant reminded her of the store policy that required employees to walk customers to the restroom.[2] Victim did so.

When Victim opened the restroom door, Defendant grabbed her buttocks and forced her into the bathroom. He wrapped his arm around her shoulder and neck and told her that she needed "a good drilling" and that it "wouldn't hurt." When Victim fought back, Defendant began shoving and kicking her, causing Victim to fall down. As she was on the ground trying to pull herself out of the bathroom, Defendant grabbed onto her legs and tore her shirt. The two struggled until Victim realized that she could not escape Defendant by using physical force, so she lied to Defendant that her boyfriend was coming to the store any minute. Defendant released his grip long enough for Victim to run from the bathroom. After knocking over a rack of movies, Victim grabbed a box cutter from the checkout counter. Defendant then fled the store.

---

[2] The evidence was that the company policy required employees to walk customers to the restroom in order to ensure that it was appropriately stocked with toilet paper and paper towels.

During the penalty phase, the jury heard testimony from Victim, her father, a Nevada Police Department detective, and from Defendant. The jury followed the State's recommendation in assessing the maximum punishment available: one year in the county jail for third-degree kidnapping, and four years in prison for third-degree assault.[3] The trial court followed the jury's recommendations and sentenced Defendant to serve those terms consecutively.

## Standard of Review

Defendant concedes that he did not object at trial to any of the evidence he now challenges on appeal. Thus, he requests that we review his claims for plain error. *See* Rule 30.20.[4]

> A plain-error claim "places a much greater burden on a defendant than an assertion of prejudicial error." *State v. Ralston*, 400 S.W.3d 511, 520 (Mo. App. 2013). A defendant must show not only that the trial court committed evident, obvious, and clear error, but also the existence of manifest injustice or a miscarriage of justice. *State v. Mueller*, 568 S.W.3d 62, 75 (Mo. App. 2019).

***State v. Stuckley***, 573 S.W.3d 766, 768 (Mo. App. S.D. 2019).

We will not reverse unless the evidence claimed to have been erroneously-admitted was outcome-determinative. ***State v. Voss***, 488 S.W.3d 97, 123 (Mo. App. E.D. 2016). In regard to the penalty phase of a trial, erroneously-admitted evidence is outcome determinative if "there is a reasonable probability that the jury would have imposed a lesser sentence but for the erroneously admitted [evidence]." ***Id.*** (quoting ***State v. Fassero***, 256 S.W.3d 109, 119 (Mo. banc 2008)).

---

[3] *See* sections 565.130.2, 565.054.2, and 558.011.1(5), (6).
[4] Unless otherwise indicated, all rule references are to Missouri Court Rules (2020).

**Analysis**

Because Defendant's two points raise similar allegations of error, we address them together.

Defendant's first point claims the trial court plainly erred in "allowing"[5] the State to present evidence of his "future dangerousness" and prior bad acts. Point 2 claims plain error in "allowing" Victim to testify that Defendant "deserve[d] more than the maximum sentence[,]" and "allowing" her father to testify that Defendant deserved the "maximum" punishment.

Defendant then purports to clear a hurdle that is set too low – that the evidence was inadmissible for several reasons, and that its admission (without objection) requires a new sentencing hearing.[6] We disagree.

"As a general rule, the trial court has discretion during the punishment phase of trial to admit whatever evidence it believes may be helpful to the jury in assessing punishment." *Fassero*, 256 S.W.3d at 118-19.

> Pursuant to section 557.036.3 RSMo Supp.2003 evidence supporting or mitigating punishment may be introduced during the penalty phase of trial. This evidence may include, "within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, and *the history and character of the defendant*." (emphasis added) The State may present evidence of criminal conduct for which a defendant was never convicted; however, the jury may only consider such evidence during the penalty phase if the evidence is proven by a preponderance of the evidence. *Fassero,* 256 S.W.3d at 119.

---

[5] Because no objections were raised at the time the challenged evidence was adduced, we interpret Defendant's claim to be that the trial court committed plain error by failing to *sua sponte* put a stop to the presentation of that evidence without having been asked to do so.

[6] Many of the cases cited by Defendant in his brief are inapposite as they concern evidence admitted during the *guilt* phase of a trial. As for the cases Defendant cites that deal with the penalty phase, we find that only one of those cases was decided under a plain-error standard of review, and it did not involve a claim that the judge should have acted *sua sponte*. In that case, **State v. Voss**, the challenged testimony concerned the defendant's involvement in at least five additional and separate heroin deaths other than the one defendant was being tried for, and it was admitted *over defense counsel's objections*. 488 S.W.3d at 114, 120.

*State v. McArthur*, 343 S.W.3d 726, 727 (Mo. App. E.D. 2011) (footnote omitted).

"'*Sua sponte* action should be exercised only in exceptional circumstances.' . . . Uninvited interference by the trial judge in trial proceedings is generally discouraged, as it risks injecting the judge into the role of a participant and invites trial error." *State v. Roper*, 136 S.W.3d 891, 902 (Mo. App. W.D. 2004) (quoting *State v. Drewel*, 835 S.W.2d 494, 498 (Mo. App. E.D. 1992)).

Even if Defendant had demonstrated that the evidence he identifies was so egregious that the trial court committed evident, obvious, and clear error by not intervening, unasked, to stop it, "[t]his Court presumes that inadmissible evidence [regarding sentencing] is not prejudicial because judges are presumed not to consider improper evidence when sentencing a defendant." *State v. Roll*, 942 S.W.2d 370, 378 (Mo. banc 1997); *State v. Smith*, 32 S.W.3d 532, 555 (Mo. banc 2000).

We therefore decline Defendant's invitation to review his claims for plain error. *See Stuckley*, 573 S.W.3d at 771. The judgment of the trial court is affirmed.


DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS